**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORLANDO COUNTY, FLORIDA**

RAQUEL FLORES,                                              CASE NO.:

     Plaintiff,

vs.

UNIVERSAL CITY DEVELOPMENT PARTNERS LTD,
d/b/a UNIVERSAL STUDIOS FLORIDA,

     Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, RAQUEL FLORES (herein after "FLORES") by and through undersigned counsel and sues the Defendant(s), UNIVERSAL CITY DEVELOPMENT PARTNERS LTD, d/b/a UNIVERSAL STUDIOS FLORIDA (herein after "UNIVERSAL STUDIOS"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is a cause of action for damages in excess of the sum of thirty thousand dollars ($30,000.00), exclusive of court costs and attorneys' fees.

2. Plaintiff, RAQUEL FLORES, is over the age of eighteen (18) years and resides in Belize City, Belize, and is otherwise *sui juris*.

3. At all times material hereto, Defendant, UNIVERSAL STUDIOS, is registered to do business and doing business in the State of Florida.

4. On or around July 21, 2021, and for all times material hereto, prior to that date, UNIVERSAL STUDIOS, had the exclusive ability to exercise control and manage the premises known as the "UNIVERSAL STUDIOS FLORIDA" located at 6000 Universal Blvd, Orlando,

Florida 32819, that Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS LTD., owned on that date.

5.   On July 21, 2021, Plaintiff, RAQUEL FLORES was lawfully upon the premises of Defendant, UNIVERSAL STUDIOS.

6.   Specifically, at the time of the subject accident, Plaintiff, RAQUEL FLORES, was entering the premises of Universal City Walk as a visitor in the early evening. Ms. Flores stepped on the moving walkway, which was stationary and as she approached the end of the moving walkway, she slipped resulting in a severe fall on her left arm/elbow, and her left hip/side.

7.   Ms. Flores was attended to by your insured's onsite paramedics, who advised that Ms. Flores was ok and could continue with her visit. Ms. Flores did not feel comfortable remaining on the premises as she was in great pain and immediately sought medical attention.

8.   Ms. Flores was admitted to Orlando Health Dr. Phillips Hospital and was diagnosed with a left elbow fracture, which required a sling/cast on the left arm and oral medication.

9.   Plaintiff is now suffering permanent and serious injuries as a result of Defendants negligence.

## COUNT I: NEGLIGENCE CLAIM FOR PREMISES LIABILITY

## AGAINST DEFENDANT

10.   Plaintiff realleges paragraphs one (1) through nine (9) as fully set forth herein.

11.   Defendant, UNIVERSAL STUDIOS, owned a duty to Plaintiff, FLORES, to provide and maintain a safe, danger free environment for individuals such as Plaintiff, FLORES, who was lawfully upon the subject premises.

12.   Defendant, UNIVERSAL STUDIOS, breached the duty owned to Plaintiff, FLORES, by committing one or more of the following acts of commission and/or omission:

   a)   Defendant, UNIVERSAL STUDIOS, created a dangerous and defective condition

by not maintaining the moving walkway in a reasonably safe condition.

b) Defendant, UNIVERSAL STUDIOS, failed to reasonably inspect the moving walkway and safely operate the walkway.

c) Defendant, UNIVERSAL STUDIOS, failed to take adequate precautionary and preventive measures to protect individuals such as Plaintiff, FLORES, from such incident.

d) As a result of the negligence, Plaintiff suffered permanent bodily injury, pain, and suffering, inconvenience, mental anguish, the expense of hospitalization, medical treatments and loss of earnings, loss of ability to earn money in the future.

13.   As a direct, proximate, and foreseeable result of the negligence of Defendant, UNIVERSAL STUDIOS, Plaintiff, Flores, was injured in and about her body and extremities and claims the following items of damage:

a) Past, present, and future loss of earning and earning capacity;

b) Past, present, and future medical and related expenses;

c) Past, present, and future physical and mental pain and suffering;

d) Past, present, and future scarring, disability, discomfort, and the inability to lead a normal life.

14.   The injuries suffered by Plaintiff, FLORES, are permanent and Plaintiff will continue to suffer damages in the future.

WHEREFORE, Plaintiff, RAQUEL FLORES, demands judgment against Defendant, UNIVERSAL STUDIOS FLORIDA, for compensatory damages, in an amount in excess of Thirty Thousand Dollars ($30,000.00) together with costs, interest, and any other relief that this Court deems just and proper.

## COUNT II: CLAIM FOR NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT UNIVERSAL CITY DEVELOPMENT PARTNERS LTD D/B/A UNIVERSAL STUDIOS FLORIDA

15. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16  At said time and place, Defendant owned, controlled, and/or possessed the business premises.

17  Notwithstanding the aforesaid duties owed to Plaintiff, UNIVERSAL STUDIOS breached its duties to Plaintiff by reason of the following separate and cumulative acts and omissions:

> a. Negligently failing to maintain or adequately maintain the area's walk way, thus creating a hazard to members of the public utilizing said premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;
>
> b. Negligently creating a fall hazard to members of the public utilizing said premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;
>
> c. Negligently failing to inspect or adequately inspect the area's walk way and queue line, as specified above, to ascertain whether the walk way constituted a hazard to patron's utilizing said area, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

d.  Negligently failing to inspect or adequately warn Plaintiff of the danger of the walk way, when UNIVERSAL STUDIOS knew or through the exercise of reasonably care should have known that said premises' moving walk way was unreasonably dangerous and that Plaintiff was unaware of same;

e.  Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct the unreasonably dangerous condition of the area's walk way, when said condition was either known to UNIVERSAL STUDIOS or had existed for a sufficient length of time such that UNIVERSAL STUDIOS should have known of same had UNIVERSAL STUDIOS exercised reasonable care;

f.  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the area's walkway for dangerous conditions.

g.  Negligently failing to train and/or inadequately training its employees to inspect, maintain, the walkway for dangerous conditions;

h.  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i.  Negligently failing to have adequate policies in place to identify dangerous conditions despite knowledge of prior incidences at the premises caused by same or similar dangerous conditions;

j.  Negligently failing to enforce its stated policy that all employees are responsible for inspecting walkways and queue

lines and other areas that pedestrians routinely and predictably utilize for walking for dangerous conditions and correcting/remedying said conditions and/or warning business invitees and guests of said conditions;

k.  Negligently failing to act reasonably under the circumstances.

l.  Negligently engaging in routine or regular practice of business that was not the reasonably custom of the community; and

m.  Other acts of negligence to be determined through discovery.

18. As a direct and proximate result of UNIVERSAL STUDIOS negligence, Plaintiff, suddenly and without warning, slipped and fell while using the moving walkway.

19. As a direct and proximate result of the breach of the aforesaid duties and negligence by UNIVERSAL STUDIOS, Plaintiff, who was lawfully on said premises as a business invitee, was injured and suffered serious bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expenses of hospitalization, medical, nursing and other health care treatment, loss of earning, loss of her capacity to earn, and aggravation of a previously existing condition. These injuries are either permanent or continuing, and Plaintiff will suffer losses and impairment in the future

## **DEMAND FOR JURY TRIAL**

Plaintiff, RAQUEL FLORES, further demands trial by jury of all issues triable as a right by jury.  Dated: March 27, 2023.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed through the Florida Courts E-Filing Portal and mailed to Defendant UNIVERSAL CITY DEVELOPMENT PARTNERS LTD. d/b/a UNIVERSAL STUDIOS FLORIDA, at 1200 South Pine Island Road, Plantation, FL 33324 this 27th  day of March 2023.

Respectfully submitted,

By: <u>/s/</u>*Kene Henry Anusionwu*
Kene H. Anusionwu, Esq.
Florida Bar No. 111341
Attorney for Plaintiff

By: <u>/S/</u> *Megan L. Garcia*
Megan L. Garcia Esq
Florida Bar No: 1022195
Attorney for Plaintiff